**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   13-CR-0205-CVE |
| ) | |
| IQBAL MAKKAR, ) | |
| a/k/a Jack Singh, ) | |
| a/k/a Iqbal Singh Makkar, ) | |
| GAURAV SEHGAL, ) | |
| a/k/a/ Ricky Sehgal, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is the Joint, Unopposed Motion for Continuance and Designation of Case as Complex (Dkt. # 23). On November 5, 2013, the grand jury returned an indictment (Dkt. # 2) against defendants Iqbal Makkar and Gaurav Sehgal. Defendants are charged with conspiracy to distribute a controlled substance analogue (count one), possession of a controlled substances analogue with intent to distribute (count two), maintaining a drug-involved premises (count three), and conspiracy to launder money (count four). The government has provided discovery to counsel for each defendant consisting of approximately 4,000 pages of documents. Dkt. # 23, at 4. The Court has entered a scheduling order setting, inter alia, a pretrial motions deadline of December 4, 2013 and a jury trial on January 21, 2014. Dkt. # 15. Defendants ask the Court to continue the trial to no sooner than the March 2014 jury trial docket, and they have executed speedy trial waivers. Dkt. ## 24, 27.  Counsel for the government does not oppose defendants' motion.

Defendants state that it will require a significant amount of time for their attorneys to review the discovery materials and prepare a defense, and they ask the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 23. These

sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and

the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendants request a continuance under § 3161(h)(7) of the Speedy Trial Act, and counsel for government does not oppose defendants' motion. Dkt. # 23, at 1. Defendants state that the government has produced over 4,000 pages of discovery, and this is a substantial amount of material for defense counsel to review before trial. The Court also takes into account the nature of the crimes charged in this case. Defendants are charged with engaging in complex conspiracies to distribute controlled substance analogues and to launder the proceeds of the alleged drug trafficking. Defendants' request for a continuance is reasonable under the circumstances, considering the amount of discovery and the complex issues of fact and law that counsel for defendants must consider when preparing a defense for their clients in a multiple defendant conspiracy case. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendants' interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting defendants' request for a continuance.

**IT IS THEREFORE ORDERED** that the Joint, Unopposed Motion for Continuance and Designation of Case as Complex (Dkt. # 23) is **granted**. All deadlines in the scheduling order (Dkt. # 15), including the jury trial set for January 21, 2014, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | March 20, 2014 |
| Responses due: | April 3, 2014 |
| PT/CP/Motions Hearing: | **April 10, 2014 at 9:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | April 14, 2014 |
| Jury Trial: | **April 21, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between January 21, 2014 and April 21, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 18th day of December, 2013.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE