UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CR-0205-CVE |
| | ) |
| IQBAL MAKKAR, | ) |
| a/k/a Jack Singh, | ) |
| a/k/a Iqbal Singh Makkar, | ) |
| GUARAV SEHGAL, | ) |
| a/k/a Ricky Sehgal, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is the Government's Motion in Limine to Preclude Improper Argument (Dkt. # 43). The government states that it has reviewed defendants' trial brief (Dkt. # 40) and proposed jury instructions (Dkt. # 42), and it believes that defendants intend to raise improper arguments about the legal standards for the criminal offenses alleged against them and about entrapment by estoppel. Defendants filed a response (Dkt. # 47), which did not address the entrapment issue.

Defendants are charged with conspiracy to violate the federal drug laws (count one), possession of a controlled substance analogue with intent to distribute (count two), maintaining a drug involved premises (count three), and conspiracy to commit money laundering (count four), and this case is set for trial on April 21, 2014. All of the charges concern defendants' alleged distribution of a substance known as XLR11, and the government alleges the XLR11 is a controlled substance analogue under 21 U.S.C. §§ 802(32) and 813. Defendants have jointly filed a trial brief and proposed jury instructions. In the trial brief, defendants argue that threshold issues at trial will

be whether the substances confiscated from defendants contained XLR11 and whether XLR11 is controlled substance analogue. Dkt. # 40, at 4. However, defendants' trial brief contains numerous allegations that defendants believed that it was legal for them to distribute incense and that a representative of the State of Oklahoma indicated that defendants would not be prosecuted.

Under the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. §§ 802(32) and 813 (CSAEA), a substance may be treated as a controlled substance if it meets the definition of a controlled substance analogue. Courts agree that the CSAEA contains a scienter requirement, but the specific contours of the scienter requirement are the subject of some dispute. In United States v. Klecker, 348 F.3d 69 (4th Cir. 2003), the Fourth Circuit found that a defendant must know that the substance is intended for human consumption, but he may convicted even if he was unaware that the substance could be a controlled substance analogue. Id. at 71. The Second Circuit requires that the government to prove that a defendant knew that he was distributing a controlled substance analogue, even if the defendant does not know the exact nature of the substance. United States v. Roberts, 363 F.3d 118, 123 n.1 (2d Cir. 2004). A third approach to the scienter requirement is that the defendant must have known that he was in possession of or was distributing a controlled substance analogue, but a defendant's knowledge of the chemical similarity of the analogue to a controlled substance is presumed if the defendant knew that the analogue had a substantially similar effect as the controlled substance for which it is an analogue. United States v. Turcotte, 405 F.3d 515 (7th Cir. 2005).

The government does not argue that defendant's knowledge is entirely irrelevant but, instead, the government contends that defendants should not be permitted to argue that they were subjectively unaware that it was illegal to sell a substance containing XLR11. Dkt. # 43, at 7. The

government concedes that the defendants' factual knowledge concerning the nature of the substance they were distributing is relevant, but they ask the Court to prevent defendants from offering any argument about their own beliefs about the legality of distributing XLR11. Defendants argue that the government must prove that they knew their actions were unlawful and that they must be allowed to offer evidence of the lack of knowledge that they were allegedly distributing a controlled substance analogue. Dkt. # 47.

It is not necessary for the Court to conclusively resolve the legal issue as to the intent standard in order to rule on the government's motion in limine, because defendants' subjective beliefs about the legality or illegality of their conduct is not relevant under any scienter standard. The key issues at trial will be whether XLR11 is a controlled substance analogue and if the substances distributed by defendants actually contained XLR11. Defendants cannot avoid criminal liability merely by claiming that were personally unaware that they were distributing a substance containing XLR 11 or it was illegal to distribute a controlled substance analogue. The general rule is that "ignorance of the law is no excuse--one is guilty of the crime if [he] intends to engage in the conduct that is prohibited by the criminal statute." United States v. Platte, 401 F.3d 1176, 1184 (10th Cir. 2005). Defendants will be permitted to argue that they lacked the necessary intent to commit a violation of the CSAEA, and they may do so by offering evidence that it was unclear whether XLR11 is a controlled substance analogue. See id. (a criminal defendant is permitted to offer evidence showing a lack of the necessary mens rea to commit the offense, but this is not properly categorized as an ignorance of the law defense). They may also offer any evidence of conflicting reports that they received about whether XLR11 is a controlled substance analogue. However, defendants cannot generally argue that they did not subjectively understand that they

could be engaging in conduct that violated federal drug laws. The parties should be prepared to address the issue of scienter and an appropriate limiting instruction before jury selection begins on the morning of April 21, 2014.

The government also seeks a pretrial ruling that defendants be prohibited from asserting an entrapment defense, because there is no evidence that an officer of the federal government made any representation to defendants that their conduct was legal. Dkt. # 43, at 9. In their trial brief, defendants state that they contacted Delaware County Assistant District Attorney Ken Wright about sample packets and lab reports provided by suppliers of substances at a trade show in Las Vegas, Nevada, and the packets and reports allegedly represented that it was legal for defendants to distribute certain substances. Dkt. # 40, at 3. They claim that they voluntarily agreed to stop selling the substances until Wright had reviewed Oklahoma law and determined whether defendants could resume selling the substances. Id. Wright mentioned the possibility that the Oklahoma State Bureau of Investigation (OSBI) or a private laboratory could test the substances, but defendant do not allege that the substances were ever tested by a laboratory. Wright allegedly later represented that the State of Oklahoma would not prosecute defendants for selling the substances. Id. at 4. However, there are no allegations that an officer of the federal government made similar representations to defendants or that Wright was authorized to speak on behalf of the federal government.

"The defense of entrapment by estoppel is implicated where an agent of the government affirmatively misleads a party as to the state of the law and that party proceeds to act on the misrepresentation so that criminal prosecution of the actor" would result in a constitutional violation. United States v. Nichols, 21 F.3d 1016, 1018 (10th Cir. 1994). To establish this defense, a defendant has the burden to show:

> (1) that there was an "active misleading by a government agent;" (2) that the defendant actually relied upon the agent's representation, which was "reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation;" and (3) that the government agent is "one who is responsible for interpreting, administering, or enforcing the law defining the offense."

United States v. Bader, 678 F.3d 858, 886 (10th Cir. 2012). The government agent in question must be authorized to act by the federal government in order to give rise to a defense of entrapment by estoppel in a federal prosecution. United States v. Spires, 79 F.3d 464, 466-67 (5th Cir. 1996). Defendants have made no proffer that Wright was authorized to speak on behalf of the federal government, and they may not raise a defense of entrapment by estoppel. However, it is possible that either the government or defendants may have legitimate uses for the underlying facts alleged by defendants, and the Court will craft a limiting instruction that will be read to the jury anytime Oklahoma law or defendants' communications with Wright are at issue. The parties should also be prepared to address this issue before jury selection begins on April 21, 2014.

**IT IS THEREFORE ORDERED** that the Government's Motion in Limine to Preclude Improper Argument (Dkt. # 43) is **granted**.

**DATED** this 19th day of April, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE