# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CR-0205-CVE |
| | ) |
| IQBAL MAKKAR, | ) |
| a/k/a Jack Singh, | ) |
| a/k/a Iqbal Singh Makkar, | ) |
| GAURAV SEHGAL, | ) |
| a/k/a Ricky Sehgal, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes on for consideration of the Joint Motion to Stay Proceedings Pending Outcome of Appeal (Dkt. # 182). The United States and third party petitioners Vajinder Singh, Surinder Kaur, Pari Petroleum USA, LLC, Pari Petroleum-USA Corporation, Inc., and Pari India Import, Ltd. ask the Court to stay the forfeiture proceedings while defendant Iqbal Makkar's appeal is pending before the United States Court of Appeals for the Tenth Circuit. The parties state that they have made substantial progress conducting discovery concerning the petitioners' third party forfeiture claims, but they claim that they cannot make meaningful progress on settlement talks while Makkar's appeal is pending. Dkt. # 182, at 3-4. They ask the Court to stay the forfeiture proceedings to conserve the parties' resources, because the parties will not be able to reach a settlement while Makkar's appeal is pending.

Under Fed. R. Crim. P. 32.2(b), the Court has the authority to stay forfeiture proceedings at the request of a criminal defendant:

> (d) Stay Pending Appeal. If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure

> that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Fed. R. Crim. P. 32.2(d). Rule 32.2(d) allows a criminal defendant to request a stay, but the rule also suggests that ancillary forfeiture proceedings should continue while a case is on appeal. The parties cite United States v. Section 17 Twp. 23 North, Range 22 East of IBM, Delaware County, Oklahoma, 40 F.3d 320, 321 (10th Cir. 1994), for the proposition that the Tenth Circuit did not reverse a district court's order staying forfeiture proceedings. The Court initially notes that the Tenth Circuit actually decided that it lacked appellate jurisdiction and it dismissed the appeal, and the district court's order was not affirmed on the merits. Id. at 323. Even considering the merits of the district court's order, the civil forfeiture proceedings at issue were stayed pursuant to 21 U.S.C. § 881(i). Section 881(i) contains a cross-reference to 18 U.S.C. § 981(g), which allows either party in civil forfeiture proceedings to request a stay if proceeding with civil forfeiture would impede an ongoing criminal investigation or infringe upon a person's right against self-incrimination. Neither of those circumstances is present in this case. The sole reason for the stay appears to be that the third party claimants are unwilling to discuss a settlement while Makkar's appeal is pending, but that is not a sufficient reason to stay the forfeiture proceedings. Rule 32.2(d) makes clear that a defendant may request a stay, but the Court can resolve third party claims to forfeited property and can withhold a final order transferring property until a defendant's appeal is resolved. The parties have not shown that a stay is necessary to avoid prejudice to any party, and the parties' request to stay the forfeiture proceedings is denied.

**IT IS THEREFORE ORDERED** that the Joint Motion to Stay Proceedings Pending Outcome of Appeal (Dkt. # 182) is **denied**.

**DATED** this 24th day of August, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE