UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CR-0205-CVE |
| ) | |
| IQBAL MAKKAR, ) | |
| a/k/a Jack Singh, ) | |
| a/k/a Iqbal Singh Makkar, ) | |
| GAURAV SEHGAL, ) | |
| a/k/a Ricky Sehgal, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Iqbal Makkar's oral motion to continue jury trial. Makkar requests a continuance of the jury trial set for March 22, 2016, and he has executed a speedy trial waiver (Dkt. # 210). Defendant Gaurav Sehgal joins in Makkar's motion to continue, and he has also filed a speedy trial waiver (Dkt. # 209). The government does not oppose defendants' request for a continuance of the jury trial and related deadlines.

On November 5, 2013, a grand jury returned an indictment charging Makkar and Sehgal with conspiracy to distribute and possess with intent to distribute a controlled substance analogue (count one), possession of a controlled substance analogue with intent to distribute (count two), maintaining a drug involved premises (count three), and conspiracy to launder money (count four). Dkt. # 2. The case went to trial in April 2014, and defendants were convicted on all counts. Dkt. # 61. Makkar was sentenced to 97 months imprisonment and Sehgal was sentenced to 84 months imprisonment. Dkt. ## 137, 138. Defendants appealed their convictions and sentences and the attorneys who represented them on appeal were not the same attorneys who represented them at trial. The Tenth Circuit Court of Appeals reversed defendants' convictions for plain error in light of an

intervening Supreme Court decision, McFadden v. United States, 135 S. Ct. 2298 (2015), and remanded the case for further proceedings. Dkt. ## 194, 196. The Tenth Circuit issued a mandate as to Sehgal on January 7, 2016, and Makkar's mandate was issued on January 15, 2016. Dkt. ## 204, 205.

The Court held a status hearing on January 22, 2016, and Makkar and Sehgal were represented by the same attorneys who represented them on appeal. The government stated that it intended to retry defendants. The Court advised the parties that it would be setting the case for trial on March 22, 2016, because the government was required to retry defendants within 70 days of the date the mandate was issued by the Tenth Circuit.[1] Counsel for Makkar stated that he could not be prepared for trial by that date and he orally requested an ends of justice continuance under the Speedy Trial Act, 18 U.S.C. § 3161. Makkar's counsel represented that he had numerous matters set for trial between now and June 2016, but he would be available for trial beginning at the end of June 2016. He also stated that he would be likely be filing a motion to dismiss on the ground of double jeopardy, because the Tenth Circuit questioned in a footnote whether it would be permissible for the government to retry defendants without violating the Double Jeopardy Clause of the Fifth Amendment. See Dkt. # 194, at 11 n.2. He also noted that this is a complex criminal case with a substantial amount of discovery materials and that he was not the attorney who represented Makkar at the original trial. He stated that he would need a significant amount of time to review the evidence and prepare for trial. Counsel for Sehgal joined in Makkar's oral motion to continue. The Court discussed scheduling matters with the parties, and they agreed that they could be ready for

---

[1] Based on the latter mandate (Dkt. # 205) issued on January 15, 2016, the 70 day deadline to retry defendants expires on March 25, 2016.

trial at the end of June 2016. The Court reviewed the June 2016 docket and advised the parties that the case could be specially set for trial on June 27, 2016. Defendants have filed speedy trial waivers asking the Court to exclude all time from the current trial setting in March 2016 to a jury trial at the end of June 2016.[2] Dkt. ## 209, 210.

Defendants' request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional

---

[2]    Makkar's speedy trial waiver (Dkt. # 210) requests that the Court exclude the time from March 25 to June 27, 2016, and Sehgal's waiver (Dkt. # 209) seeks to exclude the time from March 14 to June 29, 2016.

time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has considered the defendants' arguments in support of their request to continue the trial from March 2016 to June 2016, and there is a combination of factors that weighs strongly in favor of granting a continuance.[3] First, this is a complex criminal prosecution and the parties will need a substantial amount of time to prepare for trial and file pretrial motions. In some cases when a case is reversed on appeal, it could be argued that the parties are already familiar with the case and that a continuance would be unnecessary. In this case, the parties are represented by different attorneys than their original trial counsel and the attorneys who will be retrying the case are not the same attorneys who represented defendants at the original trial. It is reasonable to assume that counsel are familiar with the appellate record, but this does mean that counsel have had an

---

[3] Under 18 U.S.C. § 3161(e), a district court may grant a 180 day extension for retrial "if the unavailability of witness or other factors resulting from the passage of time shall make trial within seventy days impractical." The Act itself provides no standards for assessing factors resulting from the passage of time, "suggest[ing] that Congress intended to afford experienced trial judges considerable discretion in making such determinations." United States v. Shellef, 718 F.3d 94, 105-06 (2d Cir. 2013). Other circuits have found these factors to include the limited availability of the judge during the initial 70 day period, the government's need to investigate further violations since the original indictment, and defense counsel's scheduling conflicts and need to review extensive trial materials in a complex case. See id. (collecting cases). However, neither party relies on the mere passage of time as a ground for an extension of time and the Court instead relies on 18 U.S.C. § 3161(h) for any continuance. This does not preclude the parties from requesting additional time based on § 3161(e) if scheduling difficulties arise that are more closely associated with the passage of time.

opportunity to review the evidence that will actually be presented at trial. The Court notes that it has tried this case and it is a complex criminal case, and counsels' request for time to become familiar with the evidence is reasonable. Second, the Tenth Circuit included the following footnote in its decision reversing defendants' convictions:

> In this light, you might also wonder if double jeopardy precludes a retrial in this case. Given the parties' intent focus on the instructional error in this appeal, however, that's a matter we decline to pass upon one way or the other at this time and leave for the district court to address in the first instance on remand in the event the government should seek a retrial.

Dkt. # 194, at 11 n.2. This is essentially an invitation for the parties to file and for this Court to consider whether the case can be retried without violating the Double Jeopardy Clause. This case presents a complex double jeopardy issue and a ruling in favor of defendants would mean that the case cannot be retried. The parties should be given sufficient to file motions and responses on this issue, and the Court will also need time to consider the parties' arguments.[4] Failure to give the parties adequate time to brief the issue of double jeopardy and for the Court to consider their arguments could result in a miscarriage of justice. Finally, counsel for Makkar argues that he has numerous matters set for trial between now and June 2016 and that he will be unable to appear for trial until June 2016. By itself, this would not necessarily be enough to support an ends of justice continuance. See United States v. Occhipinti, 998 F.2d 791, 797-98 (10th Cir. 1993). However, the Court finds that this factor is relevant and that Makkar has a strong interest in having counsel of his

---

[4] The Court makes two additional observations about defendants' proposed motions to dismiss on the ground of double jeopardy. The mere filing of the motions would toll the speedy trial clock for a reasonable time for the Court to consider and rule on the motions. 18 U.S.C. § 3161(h)(1)(D). In addition, defendants would have the right to file an interlocutory appeal if their motions to dismiss on the ground of double jeopardy were denied. United States v. Tucker, 745 F.3d 1054, 1066 (10th Cir. 2014).

choice represent him at trial. When viewed in combination with other factors, Makkar's counsel's request for additional time to prepare for trial based, in part, on his busy trial schedule is reasonable.[5]

In addition to the interests of the defendants, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters. The Court finds that the public's interest is given added weight in this particular case, because the case was originally filed in November 2013 and the proceedings in this case have been lengthy. However, the public's interest in a speedy trial does not outweigh the double jeopardy issue or significant concerns identified by defense counsel, and the Court finds that an ends of justice continuance should be granted.

**IT IS THEREFORE ORDERED** that defendant Makkar's oral motion to continue to continue jury trial, in which defendant Sehgal joins, is **granted**. The jury trial set for March 22, 2016 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions to Dismiss/ Double Jeopardy Motions due: | February 29, 2016 |
| Responses due: | March 14, 2016 |
| Replies due: | March 21, 2016 |
| Evidentiary Motions: | May 4, 2016 |

---

[5] A retrial presents certain scheduling difficulties for which counsel cannot necessarily prepare and this provides further support for counsel's request for additional time due to his busy trial schedule. The parties could not have known when the Tenth Circuit would issue its decision and counsel was not required to clear their schedule in advance of a possible appellate ruling. The parties also could not have known what issues would remain for adjudication if the case were reversed or how long it would take to prepare for trial. The Court finds that the scheduling difficulties identified by Makkar's counsel could not have been anticipated and that any delays are not due to a lack of diligence on his part.

| | |
|---|---|
| Responses due: | May 18, 2016 |
| PT/CP/Motions Hearing: | **June 17, 2016 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 20, 2016 |
| Jury Trial: | **June 27, 2016 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from January 25, 2016, inclusive, to June 27, 2016, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 25th day of January, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE