UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CR-0205-CVE |
| ) | |
| IQBAL MAKKAR, ) | |
| a/k/a Jack Singh, ) | |
| a/k/a Iqbal Singh Makkar, ) | |
| GAURAV SEHGAL, ) | |
| a/k/a Ricky Sehgal, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Reconsider (Dkt. # 227). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 220) granting defendants' motions to dismiss the criminal charges against them on the ground that a retrial would violate defendants' rights under the Double Jeopardy Clause of the Fifth Amendment. Plaintiff argues that double jeopardy does not bar a retrial when a case is remanded due to an instructional error, and it asks the Court to vacate its opinion and order and deny defendants' motions to dismiss (Dkt. ## 213, 214).

On November 5, 2013, a grand jury returned an indictment (Dkt. # 2) charging defendants Iqbal Makkar and Gaurav Sehgal with conspiracy to distribute and possess with intent to distribute a controlled substance analogue (count one), possession of a controlled substance analogue with intent to distribute (count two), maintaining a drug-involved premises (count three), and conspiracy to launder money (count four). Defendants moved to dismiss the indictment on the ground that the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. §§ 802(32) and 813 (Analogue Act,) was unconstitutionally vague as applied to the alleged controlled substance analogue at issue

in this case. Dkt. # 32. The Court denied the motion to dismiss. Dkt. # 36. The case went to trial and defendants were convicted on all counts. Makkar was sentenced to 97 months imprisonment and Sehgal was sentenced to 84 months imprisonment. Dkt ## 137, 138.

Defendants appealed their convictions and sentences to the Tenth Circuit Court of Appeals, and the Tenth Circuit issued a decision reversing their convictions. Dkt. ## 194, 196. The Tenth Circuit found that this Court gave an erroneous jury instruction as to the mens rea necessary to commit an offense under the Analogue Act in light of the Supreme Court's decision in McFadden v. United States, 135 S. Ct. 2298 (2015). However, the Tenth Circuit did not decide whether case could be retried without violating the Double Jeopardy Clause, and this issue was "[left] for the district court to address in the first instance on remand in the event the government should seek a retrial." Dkt. # 194, at 11 n.2. The Court set the matter for a status conference and plaintiff stated that it would seek to retry defendants. Dkt. # 211.

Defendants filed motions to dismiss the indictment on the ground that a retrial would violate the Double Jeopardy Clause. Dkt. ## 213, 214. Plaintiff filed a response to the motions to dismiss and argued that a retrial was not automatically prohibited when a case was reversed and remanded due to an instructional error:

> "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *United States v. Burks*, 437 U.S. 1, 11 (1978). However, "reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case." *Id*. at 15. Thus, the "government may retry a defendant whose convictions . . . are set aside due to trial error without running afoul of the Double Jeopardy Clause." *United States v. Pearl*, 324 F.3d 1210, 1214 (10th Cir. 2003).
>
> In the context of a reversal for instructional error, the critical inquiry on remand is "whether the evidence would have been sufficient to support a conviction . . . under a proper instruction." *United States v. Smith*, 82 F.3d 1564, 1567 (10th Cir. 1996).

2

> If so, a retrial does not violate double jeopardy principles; if not, "a directed verdict of acquittal should have been entered, [and] remand would violate the Double Jeopardy Clause." *Id.* Thus, the operative question before this Court is whether the evidence presented at Defendants' trial "would have been sufficient to support [their] conviction[s] under a proper instruction."

Dkt. # 215, at 6-7.

The Court entered an opinion and order (Dkt. # 220) granting the motions to dismiss. The Court applied the following standard of review when considering defendants' arguments that a retrial would violate the Double Jeopardy Clause:

> The Double Jeopardy Clause of the Fifth Amendment provides that "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." Burks v. United States, 437 U.S. 1, 11 (1978). However, the government is not always prohibited from retrying a defendant following reversal of a conviction on appeal, and the government may retry a defendant whose conviction was set aside due to trial error, rather than insufficiency of the evidence. United States v. Pearl, 324 F.3d 1210, 1214 (10th Cir. 2003). This case was remanded due to an improper jury instruction and in such cases an appellate court may remand the case for retrial without violating the Double Jeopardy Clause if the evidence presented at trial would be sufficient to sustain a conviction under the proper jury instructions. United States v. Smith, 82 F.3d 1564, 1567-68 (10th Cir. 1996).

Dkt. # 220, at 4. The Court reviewed the entire trial transcript to consider whether there was evidence presented at trial that could have supported a conviction under the mens rea standard set forth in the Tenth Circuit's decision. In particular, the Court focused on whether there was evidence tending to show that defendants knew that the substance they distributed, known as XLR-11, had a chemical structure substantially similar to that of a listed controlled substance. Id. at 17-22. The Court found "no direct evidence that defendants knew the chemical structure of the substance they were selling or that the chemical structure of that substance was substantially similar to a listed controlled substance." Id. at 23-24. The Court also took into account the Tenth Circuit's "opinion

3

that there was 'no evidence,' either direct or circumstantial, that could satisfy the government's burden as to mens rea if the case were retried." Id. at 24. The Court entered a judgment of acquittal (Dkt. # 221) in favor of defendants, because the evidence presented at trial was not sufficient to sustain a conviction under the proper jury instructions.

Plaintiff asks the Court to reconsider its decision to grant defendants' motions to dismiss on the ground of double jeopardy, because the government argues that it is not prohibited under the Double Jeopardy Clause from retrying a criminal defendant when a case is reversed and remanded due to an instructional error. Plaintiff cites United States v. Wittig, 575 F.3d 1085 (10th Cir. 2009), to support its argument that the Tenth Circuit's reversal due to an instructional error is effectively a mistrial, and that defendants can be retried without placing them in jeopardy for a second time. Dkt. # 227, at 5-6. Makkar responds that this Court applied the standard requested by the government in response to their motions to dismiss and reconsideration is not appropriate. Dkt. # 228, at 4. Makkar also argues that plaintiff misconstrues Wittig and Wittag stands only for the proposition that the government may rely on a new theory of prosecution in the event that a retrial is permissible under the Double Jeopardy Clause. Id. at 6-7.

Plaintiff's motion to reconsider does not mention the standard of review for a motion to reconsider. The Tenth Circuit has noted that motions to reconsider are "proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). However, a district court is not required to conduct de novo review of its decision, and a motion to reconsider is appropriate only when "the court has misapprehended the facts, a party's position, or the law." Id. A motion to reconsider may be premised on "(1) an intervening change in the controlling law, (2) new evidence previously

4

unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." Id.

The Court finds no basis to reconsider its opinion and order granting defendants' motions to dismiss, because the Court applied the legal standard advocated by plaintiff in response to defendants' motions to dismiss. Earlier in this Opinion and Order, the Court set forth the standard of review argued by the government and the standard actually applied by the Court, and there is no practical difference between the two standards. See supra at 3. As requested by plaintiff, the Court considered whether the evidence presented at trial would have been sufficient to sustain a conviction under the proper mens rea standard, and the Court found that defendants could not be retried due to the insufficiency of the evidence to sustain a conviction. The Court did not automatically find that double jeopardy barred a retrial merely because the case had been reversed and remanded, and the Court expressly stated that a retrial would be authorized "if the evidence presented at trial would be sufficient to sustain a conviction under the proper jury instructions." Dkt. # 220, at 5. The government's motion to reconsider is more properly characterized as a challenge to the Court's final decision, rather than the standard of review, because the Court actually applied the standard of review for which plaintiff argued. This is not a proper basis for reconsideration under Christy and the Court could deny the motion on this basis alone.

Even if reconsideration were appropriate, the Court does not find that Wittig actually stands for the proposition that a reversal for an improper jury instruction automatically presents no bar to retrying a case under the Double Jeopardy Clause. In Wittig, the defendants (Wittig and co-

defendant Douglas Lake) were charged with wire fraud, money laundering, circumvention of internal controls, and conspiracy to commit those offenses. The first trial ended in a hung jury but, in a second trial, David Wittig was convicted on all counts. Wittig, 575 F.3d at 1092-93. In a prior appeal, the Tenth Circuit reversed all of the convictions but not on the same grounds. United States v. Lake, 472 F.3d 1247 (10th Cir. 2007). The substantive mail fraud charges were reversed because the government failed to offer sufficient evidence as to each element of the offense of mail fraud, and this also necessitated the reversal of the defendants' convictions for money laundering. Id. at 1260. As a result, the Tenth Circuit acquitted defendants of the wire fraud and money laundering charges, id. at 1260-61, because a "reversal for lack of evidence terminates jeopardy, so retrial on these counts was barred by the Double Jeopardy Clause." Wittig, 575 F.3d at 1094. However, the conspiracy charge was reversed due to an improper jury instruction, not sufficiency of the evidence, and the government sought to retry the defendants for conspiracy. Id. Wittig sought to dismiss the conspiracy charge on the basis of the collateral estoppel component of the Double Jeopardy Clause, and the district court denied his motion to dismiss. Id. at 1095. The issue in the second appeal was whether collateral estoppel barred prosecution of the defendants for conspiracy under a different theory of prosecution, and the Tenth Circuit applied a two factor test: "First, is the issue the defendants wish to foreclose from trial the actual basis for their prior acquittal? Second, is the same issue necessary to the prosecution's case in this proceeding." Id. at 1098. The Tenth Circuit answered the first question in the affirmative based on its ruling in the prior appeal,[1] but found that

---

[1] In the prior appeal, the Tenth Circuit noted that the defendants did not challenge the sufficiency of the evidence to sustain a conspiracy conviction and thus it did not need to consider whether insufficiency of the evidence prevented a retrial on the basis of double jeopardy. Lake, 472 F.3d at 1264.

Wittig could be convicted of conspiracy without the admission of evidence concerning the conduct at issue in the substantive wire fraud charges. Id. at 1101. In terms of the Double Jeopardy Clause, jeopardy had not terminated as to the conspiracy charge and "the government is free to pursue any theory of the crime available to it under the indictment so long as that theory is barred for some other reason . . . ." Id. at 1102.

The Court does not find that Wittig has any bearing on the outcome of the double jeopardy issue in this case, because Wittig concerns the circumstances under which collateral estoppel would bar a retrial under the Double Jeopardy Clause. The Wittig decision did not expressly or impliedly overrule the well-established rule that double jeopardy does not bar a retrial if the evidence would be sufficient to sustain a conviction under the proper jury instructions. The Tenth Circuit made statements in Wittig suggesting that a reversal for an instructional error was similar to a mistrial, but these statements were not part of the holding of Wittig concerning application of the collateral estoppel doctrine. See Wittig, 575 F.3d at 1102. The Tenth Circuit did not consider in Wittig whether a showing of the sufficiency of the evidence was necessary for a retrial, because it had found in a previous appeal that the defendants did not actually challenge the sufficiency of the evidence as to the conspiracy charge. Id. at 1093 ("The defendants then appealed to us, seeking a judgment of acquittal on the substantive offenses (but not the conspiracy charge, *Lake*, 472 F.3d at 1263-64) because, they alleged, insufficient evidence supported the jury's verdict."). Subsequent Tenth Circuit decisions have continued to require an inquiry into the sufficiency of the evidence before remanding a criminal case based only on an improper jury instruction. See United States v. Twitty, 641 F. App'x. 801, 806-07 (10th Cir. Feb. 1, 2016);[2] United States v. Bader, 678 F.3d 858,

---

[2] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

877 (10th Cir. 2012).   This Court applied the correct legal standard when reviewing defendants' motion to dismiss and <u>Wittig</u> provides no basis for the Court to reconsider its prior opinion and order (Dkt. # 220).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider (Dkt. # 227) is **denied**.

**DATED** this 8th day of September, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE